The opinion of the court was delivered by
Manning, C. J.
This suit is upon three promissory notes, aggregating one thousand and thirty-nine 50-100 dollars,'each having these words after value received “ as per agreement made this day between A. Haber and U. Ozanne.” The defendant is sued as indorser. The defence is fraud, and want of consideration.
The plaintiff, residing at Sardis, Miss, had made an affidavit against ■one Collins for obtaining money under false pretences, and had obtained ¡a requisition from the Governor of that State upon the Governor of Xouisiana, and had secured the arrest of Collins in New Orleans, and imprisoned him for safe keeping until he could be sent back to Mississippi. Collins had inveigled Ozanne into an advance of money for the furtherance of an enterprise, which he had conceived. He had discovered *1385 a process by which rags were to be converted into wool, had patented, this process as he represented, and was sure large and remunerative returns were in store for any one who had the sagacity and the nerve to embark in the venture. Ozanne was to share all the profits. Having obtained all he could from Ozanne, Collins came to New Orleans and was even more successful with the defendant Haber, who had become so captivated with the scheme that he had invested about four thousand dollars in the purchase of machinery for a factory to put the patent tó ■practicable use. The invention was a chemical process by which rags were to be reduced to, or converted into wool by dissolving the vegetable fibre, and leave the animal fibre intact. This is the description of •one of the witnesses.
When Ozanne, the plaintiff, came to New Orleans to get Oollins and •carry him back to Mississippi under the Governor’s requisition, he found the defendant Haber in the full tide of successful experiment with Collins’ patent. Haber was not willing that the inventor should be taken away from the field of his labour thus summarily. The result was that Haber gave to Ozanne the notes now in suit, the notes having been drawn by Collins in favour of Haber, and by him endorsed, upon Ozanne’s transferring to him all his interest in Collins’ discovery, and agreeing to dismiss the criminal proceedings against Collins, and leave him here. This is the agreement that is referred to at the end of each note.
This agreement recites that for and in consideration of these notes, Ozanne transfers all his interest in the contract with Collins to Haber, and agrees to dismiss the criminal proceedings at his own expense, and adds; “I, by these presents, voluntarily and freely withdraw all the criminal charges made by me against said Collins for obtaining money under false pretenses, the amount of money obtained having been secured to me by one A. Haber.”
We do not think we can enforce this agreement, or give judgment on the notes which form its consideration. Story says a promissory note will be void if the consideration is, in whole or in part, illegal. It may be illegal either because it is against the principles and doctrines of the common law, or because it is specially prohibited by statute. The former illegality exists wherever the consideration is founded upon a transaction against sound morals, public policy, public rights, or public interests, as for example contracts of any sort made with an alien enemy; contracts in general restraint of trade or marriage; contracts for the perpetration, or concealment, or compounding of some crime. Brom. Notes, 1187.
Another writer is to the same effect thus ; — Considerations impeding the course of public justice, as dropping a criminal prosecution for a felony, or a public misdemeanor, or suppressing evidence, are illegal *1386 considerations. Byles on Bills, 218. The principle is well established, and is constantly applied.
The plaintiff, having made an imprudent venture, found himself deceived, and his money .gone, and for the purpose of getting it back, resorted to criminal proceedings, which he hoped would extort it from the man who had played upon his credulity. Finding the defendant in the meshes, from which he was endeavoring to extricate himself, he availed himself in turn of the defendant’s delusion, and took his notes to reimburse himself, promising to release the criminal as a consideration therefor.
The lower court thought he was not entitled to recover upon notes given for such a purpose, and so think we.
J udgment affirmed.